IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIA N. ADAMS,<br><br>    Plaintiff,<br><br>v.<br><br>PIEDMONT HEART INSTITUTE, INC.,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>NO. 1:12-cv-1695-ODE |

**BRIEF IN SUPPORT OF MOTION TO STRIKE DEFENSES OF
FAILURE TO MITIGATE AND UNCLEAN HANDS**

COMES NOW PLAINTIFF, pursuant to Fed. R. Civ. P. 12(f), and respectfully requests that the Court strike the defenses of failure to mitigate and unclean hands from the Defendant's Answer [3].

This is an action for damages under the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 [hereinafter "TCPA"]. Compl. [1] ¶ 1.  On June 14, 2012, the Defendant answered raising several affirmative defenses, including the failure to mitigate damages and unclean hands.  Ans. [3] First Defense and

Second Defense.  For the reasons that follow, these defenses are not applicable to TCPA claims and should be stricken from Defendant's Answer.

The TCPA has been defined in the 11th Circuit as a strict liability statute. <u>Alea London Ltd. v. Am. Home Serv., Inc.</u>, 638 F.3d 768, 776 (11th Cir. 2001). TCPA claims arise under Federal law, and Federal law provides the rules of decision.  <u>Mims v. Arrow Financial Services, LLC</u>, 132 S. Ct. 740, 748 (2012). "The elements of, and the defenses to, a federal cause of action are defined by federal law." <u>Howlett v. Rose</u>, 496 U.S. 356, 375 (1990).

Although other sections of the TCPA may provide additional affirmative defenses (e.g. 47 U.S.C. § 227(c)(5)), the only defenses to the strict liability created by Congress for actions pursuant to 47 U.S.C. § 227(b)(1)(A)(iii) are the defenses of "emergency purpose" and "prior express consent."  47 U.S.C. §§ 227(b)(1)(A)(iii) and (b)(3); <u>Breslow v. Wells Fargo Bank, N.A.</u>, No. 11-22681-Civ-SCOLA, 2012 WL 1448444, at *3 (S.D. Fla. April 26, 2012) (defining express consent as an affirmative defense), <u>citing</u> <u>In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991</u>, 23 FCC Rcd. 559, 564 (F.C.C. 2008).  Simply put, the defenses raised by Defendant exist in neither the statute nor the regulations and do not apply to Federal claims under the TCPA.

The defenses of failure to mitigate and unclean hands are based upon the consistently rejected premise that a Plaintiff has a duty to affirmatively act to prevent the Defendant from continuing to violate of the law.  The TCPA is a strict liability statute, and Plaintiff's who prevail on a claim brought pursuant to 47 U.S.C. § 227(b) are entitled to receive no less than $500.00 for each such violation.  47 U.S.C. § 227(b)(3)(b), Fillichio v. M.R.S. Assocs., Inc., No. 09–61629–CIV, 2010 WL 4261442, at *4 (S.D.Fla. Oct. 19, 2010).  "Mitigation of damages is not a defense under the TCPA, and each instance of a violation is independently actionable." Holtzman v. Turza, 2010 WL 3076258, at *5 (N.D. Ill. 2010)(Citing Fed. Comm. Comm'n, In re 21st Century Fax(es), Ltd., Enforcement Action Letter, Case No. EB-00-TC-)) (March 8, 2000) and State ex rel Charvat v. Frye, 114 Ohio St. 3d 76, 80 (Ohio 2007)). See also Powell v. West Asset Management, Inc., 773 F.Supp.2d 761 (N.D.Ill.2011) (striking the defense of failure to mitigate);  Fillichio supra (citing Manuf. Auto Leasing, Inc. v. Autoflex Leasing, Inc., 139 S.W.3d 342, 347 (Tex. Ct. App. 2004) ("no duty to contact [defendant] and ask them to stop violating the TCPA"); Onsite Computer Consulting Svs., Inc. v. Dartek Computer Supply Corp., 2006 WL 2771640, at *4 (Mo. Ct. App. 2006) ("Plaintiff was not required to mitigate its damages by calling

Defendant."); Jemiola v. XYZ Corp., 802 N.E.2d 745, 750 (Ohio Com. Pl. 2003) ("plaintiff has no obligation to mitigate damages [under TCPA], since the amount of damages is specifically set by statute and is therefore mandatory").

Accordingly, the defenses of failure to mitigate and unclean hands should be stricken as they are not applicable to claims under the TCPA.

### CERTIFICATE OF COMPLIANCE WITH LR 5.1B & 7.1D, NDGa.

Pursuant to LR 7.1D, NDGa., I certify that this document has been prepared with one of the font and point selections approved by the court in LR 5.1B, to wit:

[x]    Times New Roman, 14 point; or

[ ]    Courier New, 12 point.

Respectfully submitted,

                        **SKAAR & FEAGLE, LLP**

                      by:    / s/ Justin T. Holcombe
                              Justin T. Holcombe
                              Attorney for Plaintiff
                              Georgia Bar No. 552100

P.O. Box 1478 ● Marietta, GA 30061-1478
331 Washington Avenue ● Marietta, GA  30060
voice (770) 427 - 5600   ●   fax (404) 601 - 1855
jholcombe@skaarandfeagle.com